UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CALVIN DUMAS                                                    CIVIL ACTION

VERSUS                                                         NO. 20-369

BP EXPLORATION & PRODUCTION, INC. ET AL.         SECTION "J" (2)

Related to:    12-968 BELO
               in MDL 10-2179

## REPORT AND RECOMMENDATION

Plaintiff Calvin Dumas, a resident of Florida, was employed as a clean-up worker

along the Florida Gulf Coast after the BP/Deepwater Horizon explosion and oil spill on

April 20, 2010. Record Doc. No. 1. Plaintiff filed his complaint pursuant to the Back-End

Litigation Option ("BELO") provisions of the BP/Deepwater Horizon Medical Benefits

Class Action Settlement Agreement ("Medical Settlement Agreement"). Record Doc. Nos.

6427-1 and 8218 in MDL No. 10-md-2179. As a member of the BELO settlement class,

plaintiff seeks compensatory damages and related costs for later-manifested physical

conditions that he allegedly suffered as a result of exposure to substances released after the

oil spill. Record Doc. No. 1 at ¶¶ 23–33.

Defendants, BP Exploration & Production Inc. and BP America Production

Company (collectively "BP"), filed a motion to dismiss plaintiff's complaint. Record Doc.

No. 4. BP argues that plaintiff failed properly to file his individual BELO lawsuit by the

Medical Settlement Agreement's filing deadline and that the complaint should be dismissed

with prejudice as time-barred. Plaintiff did not file his BELO lawsuit until January 31, 2020, over five (5) weeks after the Medical Settlement Agreement's deadline of December 23, 2019, had passed. Record Doc. Nos. 1, 1-1. Plaintiff filed a timely opposition memorandum. Record Doc. No. 5.

Having considered the motion, the complaint, the record and the applicable law, I recommend that BP's motion to dismiss be DENIED and that the instant matter be TRANSFERRED to the Northern District of Florida for the following reasons.

**ANALYSIS**

The court-approved Medical Settlement Agreement is an unambiguous, binding contract that cannot be modified or altered without the express written consent of the Medical Benefits Class Counsel and BP's counsel.  Record Doc. No. 6427-1 at § XXX© in 10-md-2179. The BELO lawsuit process is the exclusive remedy for class members who did not opt out of the settlement and who seek compensation for Later-Manifested Physical Conditions, as defined in the agreement. Id. at § II(VV).

As a condition precedent to filing a BELO suit, a class member must submit a Notice of Intent to Sue to the Medical Settlement Agreement Claims Administrator (the "Claims Administrator"), who must transmit the notice to BP within ten days.  BP then has 30 days to decide whether to mediate the claim. If, as in the instant case, BP chooses not to mediate, the claimant must file his BELO lawsuit within six months of being notified by

the Claims Administrator of BP's election not to mediate. <u>Id</u>. at §§ VIII(A), (C)(1), (C)(2), (G)(1)(b).

However, the Medical Settlement Agreement is not an all-powerful document that renders the Federal Rules of Civil Procedure irrelevant to the court's important case-management function. The Federal Rules of Civil Procedure grant the trial court broad discretionary authority to manage its cases, including in the interest of "establishing early and continuing control so that the case will not be protracted because of lack of management, discouraging wasteful pretrial activities," and securing "speedy and inexpensive determination of every action . . . ." Fed. R. Civ. P. 1; 16(a)(2) and (3). Additionally, federal courts have unquestioned **<u>inherent</u>** power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 630 (1962).

This is plaintiff's second BELO lawsuit filed in this court. The first, captioned <u>Dumas v. BP Exploration & Production, Inc. et al.</u>, C.A. No. 16-15584-J(2), was filed on October 11, 2016, and was subsequently transferred to the Northern District of Florida on February 28, 2017. Record Doc. Nos. 1, 28, 29. On August 14, 2017, plaintiff filed a motion to stay that lawsuit in the Northern District of Florida. Record Doc. No. 42 in <u>Dumas v. BP Exploration & Production, Inc., et al.</u>, C.A. No. 17-137 (N.D. Fla.).  In his motion, plaintiff stated that, since filing that lawsuit, he had been diagnosed with four

additional medical conditions and had submitted a second Notice of Intent to Sue to the

Claims Administrator for the new conditions. Id. at pp. 1-3. Northern Florida District

Rodgers granted plaintiff's motion to stay on August 28, 2017, and stayed the lawsuit until

"the MDL court enters an order transferring or reallotting any new BELO lawsuit that may

be filed by the plaintiff." Record Doc. No. 44 in Dumas v. BP Exploration & Production,

Inc., et al., C.A. No. 17-137 (N.D. Fla.).

On June 21, 2019, the Claims Administrator issued its Notice of BP's Election Not

to Mediate as to plaintiff's later-manifested physical conditions of Allergic Conjunctivitis

of Both Eyes and Pinguecula of Both Eyes. Record Doc. No. 4-4. Within six (6) months

of this date, on December 23, 2019, he moved to amend his complaint in the first BELO

lawsuit pending in the Northern District of Florida. Record Doc. No. 60 in Dumas v. BP

Exploration & Production, Inc., C.A. No. 17-137 (N.D. Fla.). Judge Rodgers denied the

motion on January 9, 2020, stating that plaintiff must file a new BELO lawsuit in this court

that alleges these conditions, ruling that this filing was required by the Medical Settlement

Agreement. Id. at p. 2. Three weeks later, on January 31, 2020, plaintiff filed his second

BELO complaint in this court, alleging the above conditions. Record Doc. No. 1.

Plaintiff did not file his second BELO lawsuit within the applicable six-month period

as required by the Medical Settlement Agreement. BP is correct that in numerous prior

cases I have recommended dismissal with prejudice in situations where a BELO plaintiff

fails to timely file his lawsuit within that six-month period. See, e.g. Montalvo v. BP

Exploration & Production, Inc. et al., C.A. No. 19-9987, Record Doc. No. 16 (E.D. La. July

15, 2019); report and recommendation adopted, Record Doc. No. 19 (E.D. La. Aug. 20,

2019); Benton v. BP Exploration & Production, Inc. et al., C.A. No. 19-9985, Record Doc.

No. 17 (E.D. La. July 15, 2019), report and recommendation adopted, Record Doc. No. 20

(E.D. La. Aug. 20, 2019); Farmer v. BP Exploration & Production, Inc. et al., C.A. No. 19-

9237, Record Doc. No. 9 (E.D. La. May 29, 2019), report and recommendation adopted,

Record Doc. No. 10 (E.D. La. June 17, 2019); Wiggins v. BP Exploration & Production,

Inc. et al., C.A. No. 19-1425, Record Doc. No. 5 (E.D. La. Apr. 3, 2019), report and

recommendation adopted, Record Doc. No. 6 (E.D. La. Apr. 24, 2019).

However, in those cases, I granted BP's motions to dismiss because plaintiffs failed

entirely even to attempt to comply with the deadlines imposed by the Medical Settlement

Agreement, showing no diligence in complying with it. Plaintiff's motion to amend his

complaint in the Northern District of Florida – while not in strict conformity with the

Medical Settlement Agreement or Judge Rodgers's prior orders – nevertheless

demonstrates diligent litigation of his case. Dismissing plaintiff's complaint at this time

would unjustly deprive plaintiff of his ability fully to litigate his related claims, particularly

in circumstances like these in which defendants, who are already completely apprised of

plaintiff's conditions as illustrated through their Notice of Election Not to Mediate, Record

Doc. No. 4-4, will suffer very little prejudice.  Additionally, as correctly noted by plaintiff, he "acted in accordance with the order of Judge [Rodgers] when he filed a new complaint in the Eastern District of Louisiana," albeit after the six-month deadline had expired. Record Doc. No. 5 at p. 4. Judge Rodgers's prior orders appear to have specifically contemplated that plaintiff's second BELO lawsuit would be transferred to the Northern District of Florida and consolidated with plaintiff's first case. Indeed, plaintiff's case in that district was stayed in anticipation of this very lawsuit. Record Doc. No. 44 in Dumas v. BP Exploration & Production, Inc., et al., C.A. No. 17-137 (N.D. Fla.). Under these circumstances, considering that plaintiff acted diligently to prosecute his case and attempted to comply with the deadlines set out in the Medical Settlement Agreement, and considering that his prior case remains pending in the Northern District of Florida, IT IS RECOMMENDED that defendant's motion be DENIED and his case be TRANSFERRED to the United States District Court for the Northern District of Florida, so that it may be appropriately consolidated.

## RECOMMENDATION

For all the forgoing reasons, it is **RECOMMENDED** that defendant's motion be **DENIED** and that the instant matter be **TRANSFERRED** to the United States District Court for the Northern District of Florida.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this ____18th____ day of March, 2020.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.